UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| In Re: | \* | Chapter 7 |
| | \* | Case No. 15-11855-BAH |
| M & K Complex, | \* | |
| A Limited Partnership | \* | Hearing Date: 04/06/16 |
| | \* | Hearing Time: 11:00 a.m. |
| | \* | |
| Debtor(s) | \* | **Objection Deadline**: 03/30/16 |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH CAROL A. JOHNSON

NOW COMES, Steven M. Notinger, Chapter 7 Trustee (the "Trustee") of the estate of M & K Complex, a Limited Partnership ("M&K" or "Debtor"), by his attorneys Notinger Law, P.L.L.C., and requests this Court approve a compromise and settlement between the Trustee and Carol A. Johnson ("Johnson"), ex-wife of the Debtor's principal and lienholder on the Debtor's commercial condominium units known as Units 103 and 104 North Complex and Units 201, 202, 203, 204 and 205, South Complex, Seabrook Common, 920 Lafayette Road, Seabrook, Rockingham County, State of New Hampshire ("the Property"). In support of his Motion the Trustee now states:

    1.      The Debtor filed a voluntary Chapter 7 petition on December 2, 2015 ("the Petition Date"). Debtor listed The Property as "encumbered" by TD BANK, NA in the amount of approximately $2 million dollars and by Johnson (ex-wife of the Debtor's principal Timothy Johnson) for $1.5 million dollars in its bankruptcy schedules. An imminent foreclosure scheduled

1

by TD Bank precipitated the Debtor's bankruptcy filing and TD Bank has filed for relief from stay.

2. The Debtor entered into Purchase and Sale Agreements pre-filing with various buyers, including on Units 103 and 104, and Units 201, 202 and 205 for a total of approximately $2,300,000.00. Separate Motions to Sell have been filed with the Court and are presently on for hearing on March 9, 2016. If the proposed sales are successful, units 3 and 4 South will remain to be sold (as of the filing of this Motion there are potential P&S's on both those remaining units). If the sales on for hearing on March 9, 2016 are approved and closed, TD Bank will be paid off or substantially paid off (although there are unresolved issues regarding the extent, priority and validity of TD Bank's lien in Unit 205 as of the filing of this Motion).

3. As part of her divorce from Timothy Johnson, Johnson was granted an attachment, and then a consensual third mortgage in the Property, all of which are recorded at the Rockingham County Registry of Deeds ("the Registry") as follows: Writ of Attachment recorded by Carol A. Johnson in the amount of $2,000,000.00 recorded on 06/16/14 at the Registry at Book 5537, Page 1416, third mortgage dated 11/07/14 and recorded at the Registry at Book 5574, Page 420 and corrective mortgage dated 01/05/15 and recorded at the Registry at Book 5592, Page 2833.

4. As described in the Settlement Stipulation attached hereto as Exhibit A, the Trustee and Johnson believe there is substantial equity in the Property above the amounts owed to TD Bank on their valid secured claim(s), whatever those may be, and the Trustee and Johnson would like to work together to sell the Property in order to maximize its value for their mutual benefit. Johnson cannot afford to conduct her own foreclosure of her lien(s) or otherwise protect her interest in the Property without the assistance of the Trustee, and the Trustee may not be able to recover equity in

the Property for the estate without the cooperation of Johnson.

5. The Trustee and Johnson would like to settle their differences and have the Court approve the Settlement Stipulation, attached hereto as Exhibit A, setting out their agreement, the essential terms of which are: the Trustee will work diligently to sell the Property, or the remainder thereof, until the Property is sold in full; after payment of the usual costs of closing and any valid liens on any unit being sold, the net proceeds of same shall be divided as follows: the first $30,000.00 in net proceeds recovered by the Trustee shall be paid to the estate to cover the Trustee's fees and costs for getting the sale(s) approved; the next $15,000.00 shall be paid to Johnson to cover her fees and costs, then any remaining net proceeds on the sale of the Property shall be divided, 50% to the estate, and 50% to Johnson, with the amount going to the estate to be capped at $175,000.00, unless the Trustee has to bring litigation against TD Bank regarding its lien in Unit 205, then there is no cap on the amount going to the estate.

9. The Trustee believes, in his best business judgment, that this settlement, set out here and in the Settlement Agreement, is fair and reasonable and in the best interests of the bankruptcy estate. Further, the settlement is well within the range of reasonable outcomes of the issues described herein. Were the Trustee not to enter a settlement agreement with Johnson, it is likely the estate would get nothing out of the sales of the Property, or it would get substantially less than the $175,000.00 from the sale of the condos that the estate stands to receive under this Settlement Agreement, or the Trustee would have to bring litigation, against both Johnson and TD Bank, NA, incurring substantial legal fees and other expenses, in order to recover against the Property, as the amount of Johnson's lien(s) in the Property exceed the likely net proceeds of sale.

10. The Trustee believes that the settlement as described herein and in the Settlement Agreement is fair and equitable and in the best interests of creditors and the estate because it: (1) avoids the uncertain outcome of litigation against several secured lenders; (2) avoids continuing attorneys' fees and other expenses associated with litigating the disputes; (3) eliminates the risks inherent in trying any case; and (4) will result in a quick resolution and substantial payment to the estate in a short period of time. See Jeffrey v. Desmond, 70 F.3d 183 (1st Cir. 1995) (court listed following factors relevant in approving compromise: (1) probability of success in litigation; (2) collection difficulties; (3) complexity, expense, inconvenience and delay involved; and (4) interest of creditors).

11. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334(b) and this matter is a core proceeding within the meaning and intention of 28 U.S.C. §157(b)(2)(N), (O), in that it is a request to liquidate assets of the bankruptcy estate. The Trustee and Johnson consent to the entry of a final order by the Bankruptcy Court on this Motion.

WHEREFORE, the Trustee requests that this Honorable Court:

A. Grant this Motion and approve the settlement between the Trustee and Carol A. Johnson, as stated herein and in the Settlement Agreement attached hereto; and

B. Grant such other and further relief as is just and necessary.

> Respectfully submitted,
> Steven M. Notinger,
> Chapter 7 Trustee
> by his attorneys
> Notinger Law, P.L.L.C.

| | |
|---|---|
| <u>March 8, 2016</u> | /s/ Deborah A. Notinger |
| Date | Deborah A. Notinger, Esq. (BNH #02013) |
| | Notinger Law, P.L.L.C. |
| | 7A Taggart Drive |
| | Nashua, NH 03060 |
| | 603-417-2158 |
| | debbie@notingerlaw.com |

**CERTIFICATE OF SERVICE**

      I, Deborah A. Notinger, hereby certify that a copy of the foregoing Motion to Approve was this day forwarded to the following parties via the Court's electronic filing system, including the U.S. Trustee:

Timothy Britain on behalf of Creditor TD Bank, N.A.
britaint@cwbpa.com, fyfes@cwbpa.com

Mark S. Derby on behalf of Creditor TD Bank, N.A.
derbym@cwbpa.com, derbym2@comcast.net;marchands@cwbpa.com

Matthew R. Johnson on behalf of Interested Party Jonathan Parker
mjohnson@devinemillimet.com, dprovencher@devinemillimet.com

Geraldine Karonis on behalf of U.S. Trustee Office of the U.S. Trustee
Geraldine.L.Karonis@usdoj.gov

Daniel McKenna on behalf of Creditor Lizzie Wood
Dan@ManningZimmermanlaw.com

Nancy H. Michels on behalf of Creditor Carol A. Johnson
bankruptcy@pmmlawyers.com

Deborah A. Notinger on behalf of Trustee Steven M. Notinger
debbie@notingerlaw.com, cheryl@notingerlaw.com

Steven M. Notinger
trustee@notingerlaw.com, cheryl@notingerlaw.com;nh03@ecfcbis.com

Steven M. Notinger on behalf of Trustee Steven M. Notinger
trustee@notingerlaw.com, cheryl@notingerlaw.com;nh03@ecfcbis.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Michael A. Tucker on behalf of Debtor M&K Complex, a Limited Partnership
michael@hdgpc.com, km@hdgpc.com


Dated: 3/8/16                           By:     /s/ Deborah A. Notinger
                                                Deborah A. Notinger (BNH #02013)