\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| In Re: | \* | **Chapter 7** |
| | \* | **Case No. 15-11855-BAH** |
| M & K Complex, | \* | |
| A Limited Partnership | \* | **Hearing Date:** |
| | \* | **Hearing Time:** |
| | \* | |
| Debtor(s) | \* | <u>**Objection Deadline:**</u> |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>SETTLEMENT AGREEMENT</u>

NOW COME Steven M. Notinger, Chapter 7 Trustee ("the Trustee") of the Estate of M & K Complex, a Limited Partnership ("M&K" or "the Debtor") and Carol A. Johnson ("Johnson") (collectively, "the Parties") and agree and stipulate as follows:

WHEREAS M&K filed a voluntary Chapter 7 bankruptcy petition on December 2, 2015 ("the Petition Date");

WHEREAS as of the Petition Date M&K was the owner and operator of several commercial condominium units located at 920 Lafayette Road, Seabrook, New Hampshire known as Seabrook Common, Units 103 and 104 North Complex, and Units 201, 202, 203, 204 and 205 South Complex (collectively, "the Property");

WHEREAS the event that precipitated M&K's bankruptcy filing was the scheduling of a foreclosure sale by M&K's primary lender, TD Bank, NA ("the Bank") on the Property for non-payment of the Bank's mortgages;

WHEREAS the Bank alleges that it is owed a total of approximately $2.1 million dollars by M&K, secured by its first and second mortgages recorded against the Property in Rockingham County Registry of Deeds ("the Registry");

WHEREAS Johnson is the ex-wife of Timothy Johnson, the principal of M&K;

WHEREAS as part of her divorce from Timothy Johnson, Johnson was granted an attachment,

and then a consensual third mortgage in the Property, all of which are recorded at the Rockingham County Registry of Deeds ("the Registry") as follows: Writ of Attachment recorded by Carol A. Johnson in the amount of $2,000,000.00 recorded on 06/16/14 at the Registry at Book 5537, Page 1416, third mortgage dated 11/07/14 and recorded at the Registry at Book 5574, Page 420 and corrective mortgage dated 01/05/15 and recorded at the Registry at Book 5592, Page 2833.;

WHEREAS as of the Petition Date both Johnson and the Trustee believe that the Property, as a whole, is worth substantially more than the amount owed to the Bank, and that if the Trustee is able to close several sales free and clear of liens, which were pending pre-petition, and are now scheduled for hearing on 3/9/16 with the Bankruptcy Court, there will be substantial funds left from those sales and/or from the sale of the remaining two units of the Property, Units 203 and 204 (estimated worth approximately $400,000.00 total) after the Bank is paid in full for its secured claim entitled to priority over Carol Johnson's secured claim;

WHEREAS Johnson cannot afford, financially, to participate in a Bank foreclosure, to sell the Property or the remaining units of same, or otherwise protect her interest in the Property without the assistance of the Trustee;

WHEREAS the Trustee may not be able to recover funds for the bankruptcy estate from the sale(s) of the Property without cooperation and a carve-out from Johnson;

WHEREAS Johnson and the Trustee wish to cooperate and settle and differences between them in order to maximize the value of the Property for both the benefit of Johnson and the benefit of the bankruptcy estate;

NOW THEREFORE, in consideration of the above and other good and valuable consideration, the Trustee and Johnson hereby agree as follows upon approval of this Settlement Stipulation by the Court:

2

1. The Trustee shall use his best efforts to market and sell the Property or any remaining units thereof, until all the Property is sold. The Parties acknowledge that the Bank has filed a Motion for Relief, seeking to go forward with its foreclosure sale of the Property, which has not been ruled on by the Bankruptcy Court as of the signing of this Settlement Stipulation.

2. After payment to the Bank in full of any undisputed amounts owed to the Bank upon the sale of one or more of the Units that comprise the Property, and/or upon the sale of any part of the Property in which the Bank does not have, or no longer has, a valid and enforceable lien, the Trustee and Johnson agree as follows with regard to any net proceeds of sale (net proceeds of sale is defined as the remaining proceeds of a sale of a commercial condominium unit after the payment of any valid lien higher than Johnson's on the condo, any realtor's commission (if applicable) and any ordinary seller's closing costs, including seller's transfer taxes, pro-rated real estate taxes or pro-rated utilities, if applicable): the bankruptcy estate shall receive the first Thirty Thousand Dollars ($30,000.00) to cover its reasonable attorneys' fees and costs for submitting, getting approved and closing the sale(s); thereafter, the next Fifteen Thousand Dollars ($15,000.00) shall be paid to Johnson on her lien on the Property; thereafter any remaining net proceeds shall be divided 50/50 between the bankruptcy estate and Johnson, up to a maximum of $175,000.00 paid to the estate, provided that the Trustee does not bring an adversary proceeding or other litigation against TD Bank, NA regarding issues with its lien on Unit 205 of the South Complex. If the Trustee does bring such litigation, then all net proceeds above the amounts listed above shall be split 50/50 between Johnson and the estate, with no $175,000.00 cap on the estate's portion.

3. Nothing in this agreement shall prevent Johnson from filing a Proof of Claim against the Debtor's estate for any deficiency claim, nor the Trustee's ability to object to same, or seek adjustment to same, in the ordinary course. Nothing in this agreement shall affect the Trustee's

3

rights to seek recovery of his fees and costs under 11 U.S.C. §506(c), except that the $30,000.00 referenced in the above paragraph payable in the first instance to the estate shall be a credit towards any fees and costs awarded under 11 U.S.C. §506(c).

4. Nothing in this agreement shall be construed as the Trustee or Johnson conceding the amount, validity, priority or extent of the Bank's lien(s) in the Property or any portion thereof.

5. The U.S. Bankruptcy Court for the District of New Hampshire shall retain jurisdiction and govern any disputes which arise under this Settlement Stipulation.

6. This Settlement Stipulation may be executed in one or more counterparts, and by facsimile, each counterpart to be considered an original portion of this Settlement Stipulation.

7. The Parties agree to execute any and all documents, and to do and perform any and all acts and things, upon request by the other, reasonably necessary or proper, to effectuate or further evidence the terms and provisions of this Settlement Stipulation.

8. The Trustee and Johnson have each had the opportunity to review this Settlement Stipulation with Counsel, and shall each bear and be responsible for their own costs and attorney's fees incurred in connection with these matters.

9. This Settlement Stipulation constitutes the entire agreement between the Parties and may not be altered or modified other than by a writing signed by all of the Parties hereto, or further order of the Bankruptcy Court.

10. This Settlement Stipulation is subject to approval by the Court and, in the event that it is not so approved, shall be null and void in all respects.

Dated: 2/18/16          /s/ Steven M. Notinger
                        Steven M. Notinger, Chapter 7 Trustee, Plaintiff

Dated: 2/18/16

/s/ Deborah A. Notinger
Deborah A. Notinger, Esq.
Counsel for Plaintiff/Trustee

Dated: 3/4/16

*Carol A. Johnson*

Carol A. Johnson

Dated: 3/4/16

/s/ Nancy H. Michels
Nancy H. Michels, Esq.
Counsel for Carol A. Johnson

5